UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| PLEASANT VALLEY MANOR, INC. and ) | |
| LYNN A. SERFASS, ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff FIREMAN'S FUND INSURANCE COMPANY ("Fireman's Fund"), for its Complaint for Declaratory Judgment against Defendants PLEASANT VALLEY MANOR, INC. ( Pleasant Valley ) and LYNN A. SERFASS ( Serfass ), states as follows:

### JURISDICTION AND VENUE

1. Fireman's Fund brings its Complaint under 28 U.S.C., §2201, et seq., for a declaration of rights and obligations under insurance policies it issued to Pleasant Valley with respect to a claim against Pleasant Valley by Serfass.

2. This Court has subject matter jurisdiction over this matter based on diversity of citizenship between Plaintiff and Defendants pursuant to 28 U.S.C. §1332(a). The amount in controversy exceeds $75,000, exclusive of costs and interest.

3. Venue is appropriate under 28 U.S.C. §1391 because this judicial district is where the events or omissions giving rise to the claim occurred.

**THE PARTIES**

4. Fireman's Fund is a California corporation with its principal place of business in California.

5. Pleasant Valley is a Pennsylvania not-for-profit corporation with its principal place of business in Stroudsburg, Pennsylvania.

6. On information and belief, Serfass is a resident of this East Stroudsburg, Monroe County, Pennsylvania and is a resident of this district. Serfass has sued Pleasant Valley for breach of contract and various statutes governing employment relations in a case pending in the United States District Court for the Middle District of Pennsylvania as Case No. 3:CV 01-0913 ( the underlying action ).

**BACKGROUND**
**The Insurance Policies**

7. Fireman's Fund issued to Pleasant Valley three claims-made Non-Profit Organization Liability Insurance Policies ( the Policies ), policy no. CND620-29-15, for the policy period December 19, 1999 to December 19, 2000; policy no. CND620-42-81, for the policy period December 19, 2000 to December 19, 2001; and policy no. CND620-60-23 for the policy period December 19, 2001 to December 19, 2002. True and correct copies of the Policies are attached respectively as Exhibits A, B, and C.

8. The insuring Agreements of the Policies provide, in pertinent part:

    **I.**     **INSURING AGREEMENTS   WHAT WE COVER**

        **A.**     **Coverage**.   We will pay on behalf of the **Insured** all sums in excess of the retained amount shown Item 4 of the Declarations which the **Insured** is legally required to pay as **Damages**

        because of **Wrongful Act** to which this insurance applies. But we will pay such **Damages** only when:

        1. The **Claim** seeking **Damages** is first made against the Insured during the **Policy Period**; and

        2. We have been given written notice of the **Claim** as soon as practicable after the **Claim** is first made.

    **B.** <u>**When A Claim Is First Made**</u>. A **Claim** is considered first made against the **Insured** on the date the Insured received written notice from the claimant or his or her representative alleging **Damages** because of the **Insured's Wrongful Act** or seeking some form of nonmonetary relief. All **Claims** brought against **Insureds** that arise from the same **Wrongful Act** or a series of related **Wrongful Acts** will be deemed to be a single **Claim** made as of the date the first of any Claims is made against any one **Insured**.

An **Insured** which, during the **Policy Period**, learns of circumstances that may lead to a **Claim** being made against the I**nsured** may give us written notice, including full details about the specific **Wrongful Act** involved. If we are given such notice during the **Policy Period**, **Claims** made against **Insureds** that arise out of that **Wrongful Act** will be considered by have been made on the date that we receive the written notice.

9.    Additionally, Section IV.A. of the Policies provide as follows:

    **IV.**   **WHAT HAPPENS WHEN A CLAIM IS MADE**

        **A.** <u>**Duties in Event of Claim**</u>. In the event a **Claim** is made against any **Insured**, you must see to it that the following duties are performed;

        1. Immediately record the details of the **Claim** and the date it was received by the **Insured**.

        2. Notify us in writing as soon as practicable at the following address: Claims Department,

>   777 San Marin Drive, Novato, California 94998.
> 3. You and any other involved **Insured** must:
>
>> Send us copies of any demands, notices, Summonses or legal papers received in connection with the **Claim**.
>> Provided us with information at our request and cooperate with us in the investigation, settlement or defense of the **Claim**.
>> Assist us, at our request, in enforcing any right of recovery against any person or organization which may be liable to the **Insured**. Do nothing to prejudice any rights of recovery that may exist.
>
>   No **Insured** will, except at the **Insured's** own cost, voluntarily make a payment, assume any obligation, or incur any expenses without our consent.

10. The Policies' definition of claim is as follows:

    **Claim** means a written notice alleging that an **Insured** is responsible for **Damages** or seeking nonmonetary relief. The notice may be in the form of a letter, a legal summons and complaint or a notice of an administrative proceedings.

### The Underlying Claim

11. Serfass originally sued Pleasant Valley in Pennsylvania state court on May 31, 2000. This action was subsequently removed to the United States District Court for the Middle District of Pennsylvania and assigned case no. 3:00-CV-1093. On information and belief, this suit sought injunctive and equitable relief, as well as attorney's fees, with regard to a suit concerning Serfass' alleged entitlement to various employment benefits, and health care coverage in particular. This action was dismissed on August 7, 2001 ( the dismissed suit ).

12.     Serfass filed a charge of discrimination with the Equal Employment Opportunity Commission ( EEOC ) on or about June 9, 2000.  On information and belief, the allegations asserted in the charge were later asserted in the underlying action.

13.     On February 27, 2001, the EEOC issued a right to sue letter.

14.     The underlying action was filed on or about May 24, 2001.  The complaint was brought under the American with Disabilities Act ( ADA ), the Age Discrimination and Employment Act ( ADEA ), and the Pennsylvania Human Relations Act ( PHRA ).  The complaint generally alleges various misconduct by Pleasant Valley after Serfass was diagnosed with Multiple Sclerosis.  Pleasant Valley is alleged to have refused to allowed Serfass to return to work with accommodations, to have harassed her, and to have retaliated against her for exercising her rights.  The complaint in the underlying action seeks several forms of monetary relief, including punitive actions and attorneys' fees.  A copy of the complaint in the underlying action is attached as Exhibit D.

15.     Fireman's Fund did not receive notice of the EEOC charge, or of the complaint in the underlying action from Pleasant Valley until April of 2002.

### General Allegations

16.     The terms, conditions and exclusions of the Policies apply to preclude any obligation of Fireman's Fund to defend or indemnify Pleasant Valley with respect to the underlying action.

17.     Pleasant Valley nevertheless contends that Fireman's Fund is obligated to defend and indemnify it with regard to the underlying action.

18.     There is, therefore, an actual controversy between the parties.

### BASES FOR RELIEF

## Count I
### (Claims Made Policies)

19. Fireman's Fund repeats and realleges paragraphs 1-18 as if fully set forth herein as paragraph 19.

20. The Serfass claim alleged in the underlying action was first made, at the latest, on June 9, 2000.

21. For there to be coverage under the insuring agreements of any Fireman's Fund policy issued to Pleasant Valley, the claim must be first made during the policy period.

22. Pursuant to the insuring agreements, therefore, there is no coverage for the Serfass claim under either the December 19, 2000 to December 19, 2001 policy or the December 19, 2001 to December 19, 2002 policy issued by Fireman's Fund, because each of these policies incepted after the Serfass claim was first made.

WHEREFORE, Plaintiff FIREMAN'S FUND INSURANCE COMPANY prays judgment as follows:

a) declaring that there is no coverage for the Serfass claim alleged in the underlying action under either the December 19, 2000 to December 19, 2001 policy or the December 19, 2001 to December 19, 2002 policy issued by Fireman's Fund;

b) for such other relief as this Court may deem just and equitable, including the award of costs.

## Count II
### (Notice Conditions)

23. Fireman's Fund repeats and realleges paragraphs 1-18 as if fully set forth herein as paragraph 23.

24. The Policies provide, as a condition precedent to coverage, that Pleasant Valley provide notice, to the insurance company as soon as practicable in the event of a claim.

25. The Serfass claim alleged in the underlying action was first made, at the latest, on June 9, 2000.

26. Pleasant Valley did not provide notice of the Serfass claim to Fireman's Fund until April of 2002.

27. Pleasant Valley did not give written notice to Fireman's Fund as soon as practicable after the Serfass claim was first made.

28. Accordingly, Fireman's Fund is entitled to a declaration that no coverage is owed under any of the Policies because of Pleasant Valley's failure to comply with the notice condition.

WHEREFORE, the Plaintiff, FIREMAN'S FUND INSURANCE COMPANY, prays judgment as follows:

a) declaring that Plaintiff is entitled to a declaration that no coverage is owed under the Policies for the Serfass claim and underlying action because of Pleasant Valley's failure to comply with the notice condition;

b) declaring that Fireman's Fund has no duty to defend or indemnify Pleasant Valley in connection with the Serfass claim and underlying action; and

c) for such other relief as this Court may deem just and equitable, including the award of costs.

           Respectfully submitted,

           SPECTOR GADON & ROSEN, P.C.

BY: _____
           STEVEN J. POLANSKY, ESQUIRE
           1635 Market Street
           Seven Penn Center, 7th Floor
           Philadelphia, PA 19103
           (215) 241-8888
           Attorney I.D. Number: 34758
           Attorneys for Plaintiff

Dated:  June 3, 2002

*Of Counsel:*
Jeffrey A. Goldwater
Carol L. Johnson
**BOLLINGER, RUBERRY & GARVEY**
500 West Madison Street
Suite 2300
Chicago, Illinois 60661
(312) 466-8000